UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-CR-36 (JRT/JFD)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KASSIUS ORLANDO BENSON,

    Defendant.

**GOVERNMENT'S AGREED MOTION FOR DISCLOSURE OF TAX RETURNS AND PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its undersigned counsel, hereby moves the Court for an order protecting the distribution of material in this criminal case pursuant to: (1) Rule 16(d)(1) of the Federal Rules of Criminal Procedure; and (2) Title 26, United States Code, Section 6103(h)(4)(A) – (D), which concerns the use of disclosed tax returns and return information in judicial proceedings.

In support of its motion, the United States alleges and states the following:

1. The defendant in this case is charged with failing to account for and pay over employment taxes, in violation of 26 U.S.C. § 7202, and aiding and assisting in the preparation and presentation of false and fraudulent tax returns, statements, or other documents, in violation of 26 U.S.C. § 7206(2), for his alleged failure to pay over to the Internal Revenue Service ("IRS") employment taxes and preparing false personal U.S. Income Tax Returns, Forms 1040.

2. The arraignment in this case occurred on March 21, 2023. The government intends to produce its initial disclosures expeditiously.

3. The discovery materials in this case include tax returns and other documents that contain personal identifiers, including names, social security numbers, bank account numbers, and other personal information of non-parties.

4. The unrestricted dissemination of much of this information could result in victimization of individuals, could violate their privacy rights, and could possibly violate other laws.

5. Redaction of personal and sensitive information from the discovery would be impractical and unduly burdensome, and would also be of limited value to the defense.

6. The government is prepared to make unredacted discovery available to the defendant to satisfy its disclosure obligations under the rules. The sole exception is that the government plans to redact the telephone numbers, email address, and physical addresses of the government's witnesses.

7. Therefore, the United States respectfully requests that this Court, pursuant to 26 U.S.C. § 6103(h)(4)(A) – (D), authorize the use and disclosure in this judicial proceeding of certain tax returns and return information obtained during the course of the investigation and which are otherwise discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

8. The United States further requests that the Court enter a Protective Order limiting the dissemination of that class of information considered "Protected Material." Specifically, except matters of public record, the Protected Material includes all information produced by the government in this case, including tax

returns and return information of third parties, the defendant's own statements, criminal history information, and any expert reports.

9. It is further requested that the Protective Order state: (a) that the Protected Material shall be held in strict confidentiality by the defendant and defense counsel and may be used solely for purposes of this litigation; (b) that defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to the defendant in this action; (c) that all individuals having access to Protected Materials, including the defendant, defense investigator(s) and expert(s) retained by the defendant, shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Order and understand that they are bound by these terms; (d) that, if defense counsel brings Protected Material to any detention facility, it must remain in defense counsel's possession and control at all times and may not be left there, and must be removed by defense counsel when he leaves the jail facility; (e) that the use of the Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and his counsel to civil sanctions; (f) that any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures; and (g) that any documents or other materials containing Protected Material, and all copies of them, must be destroyed or

returned to the Government within sixty (60) days of the conclusion of this litigation, including appeals and any post-conviction litigation.

10. The government has discussed the proposed protective order with the defendant's attorneys, who agree to the entry of the proposed order.

Dated: March 22, 2023

        Respectfully submitted,

        STUART M. GOLDBERG
        Acting Deputy Assistant Attorney General
        U.S. Department of Justice Tax Division

BY:   *s/ Matthew Kluge*
        Matthew Kluge
        Bar Number (PA# 204285)
        Attorney for the United States
        Assistant Chief
        Western Criminal Enforcement Section
        U.S. Department of Justice Tax Division
        150 M St. NE
        Washington, D.C. 20002
        Telephone: 202-305-3301
        Matthew.J.Kluge@usdoj.gov

        *s/ Christopher Lin*
        Christopher Lin
        Bar Number (NY# 5028618)
        Attorney for the United States
        Trial Attorney
        Western Criminal Enforcement Section
        U.S. Department of Justice Tax Division
        150 M St. NE
        Washington, D.C. 20002
        Telephone: 202-514-2901
        Christopher.E.Lin@usdoj.gov