UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-cr-36 (JRT/JFD)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KASSIUS ORLANDO BENSON,

    Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Kassius Orlando Benson ("defendant"), and his attorneys, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only the defendant and the United States Department of Justice, Tax Division. This Plea Agreement does not bind any other federal or state agency.

### Charges in This Case

1.    By this Plea Agreement, the defendant agrees to plead guilty to Count Ten of the Indictment, which charges the defendant with Failing to Account for and Pay Over Employment Taxes, in violation of 26 U.S.C. § 7202.

2.    The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorneys.

SCANNED
DEC 06 2023
U.S. DISTRICT COURT MPLS

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

## Factual Basis

4. The defendant is pleading guilty because he is in fact guilty of Count Ten of the Indictment. In pleading guilty, the defendant admits the following facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

At all relevant times, defendant Kassius O. Benson ("Benson") was the owner and sole shareholder of Kassius Benson Law, P.A. ("KBL") a law firm located in Minneapolis, Minnesota and elsewhere.

The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and for collecting the taxes owed to the Treasury of the United States.

Benson was the responsible person at KBL and had the duty to collect, account for, and pay over certain federal income taxes, as well as Federal Insurance Contribution Act ("FICA") taxes (consisting of Social Security taxes and Medicare taxes), on wages KBL paid to individual employees. Such taxes, known in whole or in part as employment taxes, payroll taxes, and/or trust fund taxes, are hereinafter collectively referred to as "employment taxes."

At all relevant times, Benson was also responsible for ensuring that KBL's Employer's Quarterly Federal Tax Returns, Forms 941, were filed with the IRS and that employment taxes were paid to the IRS.

KBL had employees and paid them wages in tax years 2013 and 2015-2019. Benson was one of these employees. During these tax years, Benson withheld employment taxes from the wages of KBL employees but failed to pay them over to the IRS. Rather than pay over the employment taxes held in trust by KBL, Benson instead used those monies on personal and KBL expenses. Further, Benson failed to file KBL's Quarterly Federal Tax Returns in all quarters in those tax years.

Benson withheld and failed to pay over to the IRS the following amounts from KBL's employee's wages:

| Tax Year | Income Tax Withheld But Not Paid Over | FICA Taxes Withheld But Not Paid Over | Total |
|---|---|---|---|
| 2013 | $6,001.46 | $3,878.46 | $9,879.92 |
| 2015 | $2,538.36 | $1,989.00 | $4,527.36 |
| 2016 | $24,650.97 | $12,508.74 | $37,159.71 |
| 2017 | $23,185.86 | $11,714.12 | $34,899.98 |
| 2018 | $28,866.97 | $13,008.03 | $41,875.27 |
| 2019 | $19,705.13 | $11,222.91 | $30,928.04 |
| **Total Employment Taxes Withheld but Not Paid Over:** | | | **$159,270.28** |

In addition, Benson was responsible for paying over the employer portion of employment taxes for KBL. During tax years 2013 and 2015-2019, Benson failed to pay over $54,321.53 to the IRS for KBL's employer portion of the employment taxes.

On Benson's personal U.S. Income Tax Returns, Forms 1040, for tax years 2017, 2018, and 2019, he submitted a Form W-2 that claimed KBL withheld money from his wages to pay over to the IRS. On the Forms 1040, Benson claimed these amounts of money as payments already made to the IRS to satisfy his tax obligations although he knew that the amounts he claimed were never actually paid over.

Benson agrees that the total amount of unpaid taxes Benson was responsible for paying over the IRS for tax years 2013 and 2015-2019 for KBL was $213,591.81.

On or about January 31, 2019, in the State and District of Minnesota, the defendant Kassius O. Benson, willfully failed to account for truthfully and pay over to the Internal Revenue Service all the employment taxes due and owing to the United States in the amount of $23,021.49 on behalf of employees of KBL; all in violation of Title 26, United States Code, Section 7202.

## Maximum Statutory Penalties

5. Defendant understands that Count Ten of the Indictment, which charges defendant with Failing to Account for and Pay Over employment

Taxes, in violation of 26 U.S.C. § 7202, is a felony offense that carries the following maximum statutory penalties:

    a. 5 years' imprisonment;
    b. a supervised release term of not more than 3 years;
    c. a maximum fine up to $250,000 or twice the gross gain;
    d. a mandatory special assessment of $100; and
    e. restitution as agreed to by the parties in this agreement.

## Guidelines Calculations

6. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this Plea Agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. <u>Base Offense Level</u>. The parties agree that based on information currently known, the base offense level is **16** because the tax loss was greater than $100,000 but less than $250,000. U.S.S.G. §§ 2T1.6(a) and 2T4.1(F).

    b. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Because the defendant timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether there be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the

      change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility.

c.   Adjustment for Certain Zero-Point Offenders (if in effect). The government agrees to not oppose a two (2) level reduction in the applicable offense level under proposed U.S.S.G. Section 4C1.1 ("Adjustment for Certain Zero-Point Offenders"), provided Section 4C1.1 is in effect at the time of sentencing and the defendant meets the criteria for the downward adjustment.

d.   Adjusted Offense Level. The adjusted offense level is either **11 or 13** after the offense level is reduced by 3 levels for acceptance of responsibility.

e.   Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.   Guideline Range. The guideline range is 8 to 14 months based on a criminal history category of I and an adjusted offense level of 11 or 12 to 18 months if the adjusted offense level is 13.

g.   Fine Range. The fine range is $4,000 to $55,000, depending upon whether the adjusted offense level is 11 or 13. U.S.S.G. §§ 5E1.2(c)(3) and 5E1.2(c)(4).

6

  h.  <u>Supervised Release</u>. The Sentencing Guidelines requires a term of supervised release of 1 to 3 years. U.S.S.G. § 5D1.2(a)(2).

  i.  <u>Sentencing Recommendation and Departures</u>. The government agrees to recommend no more than the low-end of the Guidelines range and the defendant is free to argue for whatever sentence he deems appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

7. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determination.

8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the

7

defendant is convicted. (U.S.S.G. § 5E1.3.) The defendant agrees to pay the special assessment prior to sentencing.

9. **Restitution.** Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, does not apply. Nevertheless, the defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), that the Court shall order him to pay restitution in the amount of $213,591.81 to the Internal Revenue Service.

The total amount of restitution consists of the following:

| Tax Period | Amount |
|---|---|
| ~~Erist~~ FIRST Quarter 2013 | $4,768.05 |
| Second Quarter 2013 | $4,707.45 |
| Third Quarter 2013 | $1,306.26 |
| Fourth Quarter 2013 | $2,976.62 |
| Fourth Quarter 2015 | $6,516.36 |
| First Quarter 2016 | $12,867.56 |
| Second Quarter 2016 | $14,119.35 |
| Third Quarter 2016 | $14,038.84 |
| Fourth Quarter 2016 | $8,642.70 |
| First Quarter 2017 | $18,491.93 |
| Second Quarter 2017 | $17,763.53 |
| Third Quarter 2017 | $4,070.61 |
| Fourth Quarter 2017 | $6,288.03 |
| First Quarter 2018 | $8,075.58 |
| Second Quarter 2018 | $8,269.59 |
| Third Quarter 2018 | $9,150.20 |

| Fourth Quarter 2018 | $29,338.20 |
|---|---|
| First Quarter 2019 | $16,663.08 |
| Second Quarter 2019 | $8,908.89 |
| Third Quarter 2019 | $12,760.20 |
| Fourth Quarter 2019 | $3,818.78 |

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. Neither the existence of a restitution payment schedule nor defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Defendant is entitled to receive credit for restitution paid pursuant to this Plea Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the Plea Agreement does not resolve defendant's civil tax

9

liabilities, that the IRS may seek additional taxes, interest and penalties from defendant relating to the conduct covered by this Plea Agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

If full payment cannot be made immediately, defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

If defendant makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered.

/ / /

Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

Clerk, U.S. District Court
300 South Fourth Street, Suite 202
Minneapolis, MN 55415

With each payment to the Clerk of the Court made pursuant to the Court's restitution order, defendant will provide the following information:

1. name and Social Security number;
2. the District Court and the docket number assigned to this case;
3. tax year(s) or period(s) for which restitution has been ordered;
4. a statement that the payment is being submitted pursuant to the Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with ~~my~~ any payments, to the IRS address below:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

///

11

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

10. **Disclosure of Assets.** Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business controlled by the defendant. Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. More specifically, two weeks after the change of plea, defendant agrees to provide to the United States, under penalty of perjury, a financial disclosure form listing all defendant's assets and financial interests valued at more than $1,000 before the date of sentencing. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the

United States, defendant agrees to submit to one or more asset interviews or depositions under oath.

11. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583(e)(3).

## Waiver of Rights

12. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case, and he further agrees to withdraw all pre-trial motions that he has previously filed.

13. **Waiver of Trial Right**. Defendant understands that he has the right to persist in a plea of not guilty to the charge against him in this case, and if he does, he would have the right to a public and speedy trial. Defendant understands that by pleading guilty he surrenders this right.

14. **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the

concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, including the amount of restitution, unless the sentence exceeds 14 months if the Court finds the adjusted offense level to be 11 or 18 months if the Court finds the adjusted offense level to be 13. In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, these waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act ~~of 1974~~, 5 U.S.C. § § 552, 552~~(A)~~a.

## Conclusion

16. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this Plea Agreement. This Plea

14

Agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

17. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney.

Date: November 30, 2023

STUART GOLDBERG
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

BY: MATTHEW J. KLUGE
Assistant Chief
CHRISTOPHER E. LIN
Trial Attorney

Date: November 30, 2023

KASSIUS O. BENSON
Defendant

Date: November 30, 2023

ANDREW WISE
Attorney for Defendant

Date: November 30, 2023

EDWARD UNGVARKSY
Attorney for Defendant

15